■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK D. RODRIGUEZ, Appellant.— Judgment of conviction rendered February 6, 1969 unanimously reversed on the law to the extent only of vacating the sentence and remanding to the sentencing Justice for resentence, and otherwise affirmed. The predicament in which defendant-appellant finds himself is the result of his own cunning machination. Originally he pleaded guilty to an old Penal Law drug misdemeanor and a new Penal Law Class E drug felony. On defendant's eager admission that he was a drug addict, and despite his failure to appear for medical examination, the court pronounced judgment, mercifully certifying defendant on the misdemeanor charge to the custody of the Nar-

cotics Addiction Control Commission (Mental Hygiene Law, art. 9) and unconditionally discharging him on the felony. After his commitment to NACC began, he became disenchanted when it penetrated through to him that he might be confined up to three years, instead of the nine months he had hoped for, and he applied for vacatur of the sentence, contending that he was not addicted and that he had actually, at the time of judgment, concealed a certificate of nonaddiction in his possession, obtained as the result of another arrest which intervened between this arrest and sentence. The sentence was accordingly vacated, and he was sentenced anew, after medical examination confirmed his nonaddiction, to an indeterminate sentence not to exceed four years on the felony, and an unconditional discharge on the misdemeanor. Having thus outsmarted himself, defendant now complains that the court unjustifiably increased his punishment from the maximum three-year certification to NACC to a maximum four-year incarceration in State Prison. Not so. Vindictiveness did not play a part in the increase for the change was "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding" (*North Carolina* v. *Pearce,* 395 U. S. 711, 726). *Inter alia,* defendant admitted having deliberately deceived the court concerning his addiction in order to get what he thought was to be a nine-month stay with NACC; he had been rearrested for drug possession without the court's knowledge between plea and sentence; and he turned out, unexpectedly for the court, to be a nonaddicted drug seller, traditionally thought to be deserving of a harsher sentence. Additionally — and this is primarily why we remand for resentence, there is at least the possibility that the court actually believed that leniency was being extended, for the record indicates that, at sentence, the court apparently thought that defendant was to be sentenced for a Class D felony, calling for a maximum term of seven years. If the court was under a misapprehension as to any factor bearing upon sentence, defendant is "entitled to an unfettered consideration" of all the actually available alternatives (*United States* v. *Donovan,* 242 F. 2d 61, 64). It may well be that the eventual sentence will be precisely that heretofore imposed, but there should be no doubt that that is what the court intends. Since we remand, a comparatively minor error is also to be corrected. In shifting the immurement aspect of judgment from misdemeanor to felony, and transferring the discharge aspect to the misdemeanor in exchange, the court mistakenly referred to an old Penal Law suspended sentence, intended to be imposed for the misdemeanor, as "unconditional discharge"— a new Penal Law term. This may easily be corrected. Concur — McGivern, J. P., Markewich, Steuer and Bastow, JJ.