■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McCOY, Appellant.—Judgment, Supreme Court, New York County, rendered September 6, 1973, convicting the defendant, after a jury trial, of possession of a weapon as a felony and sentencing defendant to an indeterminate term of from two and a third to seven years, unanimously modified, on the law, on the consent of the People, by reducing the conviction for possession of a weapon as a felony to one for possession of a weapon as a misdemeanor, and the sentence modified to time served, and otherwise affirmed. It was not shown that the .22 calibre shell found in the defendant's possession was capable of discharging the gun found in his possession. In view of the fact that defendant's possession of the gun was proven beyond a reasonable doubt, the reduction of the conviction under subdivision 2 of section 265.05 of the Penal Law to one under subdivision 3 of section 265.05 of the Penal Law is warranted. *(People v Garcia,* 46 AD2d 611.) In the ordinary course, with this modification the matter would be remanded for a resentence in accordance herewith. However, defendant having already served more than two years, and the sentence for violation of subdivision 3 of section 265.05 of the Penal Law being no more than one year, it is appropriate to reduce the sentence to time served. Concur—Stevens, P. J., Kupferman, Murphy, Lupiano and Capozzoli, JJ.

■ In the Matter of the Estate of JACK F. FIELDING, Deceased. JAY L. ROTHSCHILD, Appellant; YOLANDE B. FIELDING, Respondent.—Order, Surrogate's Court, New York County, entered August 1, 1975, *inter alia,* granting respondent's motion to change attorneys and providing for the filing of an undertaking in the amount of $23,400 in the event substituted counsel requests the production of the outgoing attorney's documents, unanimously affirmed, without costs and without disbursements. A client's right to change attorneys is absolute; and not contested in this proceeding. The outgoing attorney's retaining lien (he has no charging lien) is adequately protected by the order below. While there may be merit to appellant's claim that the undertaking provided for fails to include any amount for the expenses of litigation to recover his claimed fee, the short answer thereto is that, in the circumstances of this case, there is no authority for any such recovery. Concur—Kupferman, J. P., Murphy, Lupiano, Capozzoli and Lane, JJ.