Martin B. Stecher, J.
On December 15, 1975, Robert White was found guilty of robbery in the first degree (Penal Law, § 160.15, subd 4). He has since moved, prior to sentence, to set aside the verdict in that it was allegedly obtained in violation of his constitutional right (CPL 330.30, subd 1; 440.10, subd 1, par [h]) to due process of law.
Briefly summarized, the People proved, beyond a reasonable doubt, that White and another entered the complainant’s barber shop, that they displayed what appeared to be firearms, and that by the force implicit in the brandished weapons, stole the proprietor’s property. There was no evidence *805 that any weapon was fired nor, except for the inference implicit in subdivision 4 of section 160.15 of the Penal Law, was there any evidence that either weapon was loaded.
Section 160.10 of the Penal Law provides that a "person is guilty of robbery in the second degree when he forcibly steals property and when * * * 2. [i]n the course of the commission of the crime * * * he or another participant in the crime * * * (b) [displays what appears to be a pistol * * * or other firearm.”
Section 160.15 of the Penal Law provides that a "person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime * * * he or another participant in the crime * * * 4. [displays what appears to be a pistol * * * or other firearm; except that in any prosecution under this subdivision, it shall be an affirmative defense that such pistol * * * or other ñrearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged” (emphasis supplied).
A comparison of the two statutes makes it clear that what the prosecutor must prove to secure a conviction in either degree of crime is identical. A reading of the italicized portion of section 160.15 of the Penal Law set forth above indicates, however, that there is a substantial difference between the two crimes: if the weapon is loaded and operable at the time of the robbery, a defendant is guilty of first degree robbery; if it is not, he is guilty of second degree robbery. The statute (Penal Law, § 160.15) does not place the burden of proving that the weapon was loaded and operable on the prosecution. It places the burden of proving the contrary on the defendant.
The defendant contends that to place upon him the burden of disproving an essential element of the higher degree of crime and relieving the People of the correlative burden of proving that element of the crime beyond a reasonable doubt is a denial of due process of law (Matter of Winship, 397 US 358).
The statute has heretofore withstood an attack on its constitutionality (People v Felder, 39 AD2d 373, affd on the opn of the Appellate Division, 32 NY2d 747; app dsmd for want of a substantial Federal question sub nom. Felder v New York, 414 US 948); but since that determination, the United States Supreme Court has examined a similar statutory scheme and *806 found it a denial of the due process clause of the Federal Constitution (Mullaney v Wilbur, 421 US 684).
In Mullaney, a Maine statute distinguished murder from manslaughter by the presence or absence of "malice aforethought”; but malice, in case of unlawful homicide, "was to be conclusively implied unless the defendant proved by a fair preponderance of the evidence that he acted in the heat of passion on sudden provocation” (421 US 684, 686). Citing itself in Winship (supra), the Supreme Court said (pp 699-700):
"The requirement of proof beyond a reasonable doubt has [a] vital role in our criminal procedure for cogent reasons. The accused during a criminal prosecution has at stake interests of immense importance, both because of the possibility that he may lose his liberty upon conviction and because of the certainty that he would be stigmatized by the conviction.
"Moreover, use of the reasonable-doubt standard is indispensable to command the respect and confidence of the community in applications of the criminal law. It is critical that the moral force of the criminal law not be diluted by a standard of proof that leaves people in doubt whether innocent men are being condemned.”
The court in Mullaney, continued (p 701):
"In this case, by contrast (to Winship where only the standard of proof was involved), the State has affirmatively shifted the burden of proof to the defendant. The result, in a case such as this one where the defendant is required to prove the critical fact in dispute, is to increase further the likelihood of an erroneous murder conviction. Such a result directly contravenes the principle articulated in Speiser v Randall, 357 U.S. 513, 525-526 (1958):
" '[W]here one party has at stake an interest of transcending value — as a criminal defendant his liberty — th[e] margin of error is reduced as to him by the process of placing on the [prosecution] the burden * * * of persuading the factfinder at the conclusion of the trial’ ”
And even where, said the court, the issue "is typically considered a fact peculiarly within the knowledge of the defendant, this does not, as the Court has long recognized, justify shifting the burden to him” (421 US 684, 702).
The court concluded: (pp 703-704); "Maine law requires a defendant to establish by a preponderance of the evidence that he acted in the heat of passion on sudden provocation in *807 order to reduce murder to manslaughter. Under this burden of proof a defendant can be given a life sentence when the evidence indicates that it is as likely as not that he deserves a significantly lesser sentence. This is an intolerable result in a society where, to paraphrase Mr. Justice Harlan, it is far worse to sentence one guilty only of manslaughter as a murderer than to sentence a murderer for the lesser crime of manslaughter. In re Winship, 397 U.S., at 372 (concurring opinion). We therefore hold that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case” (emphasis in original).
The applicability of the Mullaney reasoning to the case at bar is compelling and unavoidable — except for Felder v New York (supra), in which the appeal attacking this statute’s (Penal Law, § 160.15, subd 4) constitutionality was dismissed "for want of a substantial federal question.”
Summary affirmances have been described as "somewhat opaque” (Gibson v Berryhill, 411 US 564, 576) and "not of the same precedential value as would be an opinion of this Court treating the question on the merits” (Edelman v Jordan, 415 US 651, 671).[1] Nonetheless, where the issues are clearly the same, summary affirmances are binding precedents and lower courts are "not free to disregard [the] pronouncement” that the constitutional challenge to the State statute was insubstantial (Hicks v Miranda, 422 US 332, 344). "Votes [of Supreme Court Justices] * * * to dismiss for want of a substantial federal question * * * are votes on the merits of a case” (Ohio ex rel. Eaton v Price, 360 US 246, 247).
The court in Hicks v Miranda (supra, p 345, n 14) pointed out that the prior dismissal for want of a substantial Federal question "would have been decisive here only if the issues in [the earlier case] and the present case were sufficiently the same that [the earlier case] was a controlling precedent * * * [the lower court’s] initial task would have been to ascertain what issues had been properly presented in [the earlier case] and declared by this Court to be without substance. Ascertaining the reach and content of summary actions may itself present issues of real substance.”
*808 Such issues are presented here. Although the Felder jurisdictional statement[2] refers to both the Fifth and Fourteenth Amendments and the appellant’s brief makes express reference to the shift in the burden of proof, close examination reveals that the issue adjudicated was self incrimination. In its opinion (39 AD2d 373 on which the Court of Appeals affirmed), the. Appellate Division of the Supreme Court stated (p 375), the defendant "contends that subdivision 4 of section 160.15 of the Penal Law is unconstitutional because it creates a presumption of guilt and thus would compel him to be a witness against himself.” Again (p 378), the court said: "The question of whether permitting the exercise by a defendant of his right to establish as an affirmative defense that the gun displayed by him in the commission of a robbery was not loaded or capable of causing death or serious physical injury would violate his constitutional privilege against self incrimination has never heretofore been determined in this State.”
And finally (p 379), the court said: "In short, although subdivision 4 of section 160.15 of the Penal Law offers the defendant a difficult choice, the statute does not contravene the Fifth Amendment of the Constitution of the United States or section 6 of article I of the Constitution of the State of New York, as the vice of compulsion is lacking. The People must still establish every element of the substantive crime. The defendant is offered the opportunity to assert an affirmative defense, but is not forced to do so, and therefore is not compelled to be a witness against himself. There is therefore no constitutional infirmity in the affirmative defense provisions of sections 25.00 and 160.15 (subd. 4) of the Penal Law.”
The challenge here to subdivision 4 of section 160.15 of the Penal Law is grounded on the argument that the People should be required to prove every element of the crime beyond a reasonable doubt, and that to shift to the defendant the burden of disproving an element of the crime is to deny him *809 due process of law (US Const, 14th Amdt; Mullaney v Wilbur, 421 US 684, supra). Such a proposition is beyond the "reach and content” (Hicks v Miranda, 422 US 322, 345, supra) of a summary disposition on Fifth Amendment (self incrimination) grounds. Accordingly, Felder v New York (414 US 948), supra does not appear to be of precedential value in this challenge to the statute’s constitutionality. Even if the Supreme Court dismissal in Felder be deemed to be of precedential value, it was succeeded and overruled by Mullaney, a much clearer and less "opaque” directive to lower courts.
The People contend that the defendant, by not raising the constitutional issue at the trial has waived his right to do so, citing People v Robinson (36 NY2d 224). Reliance on Robinson is misplaced; it merely stands for the proposition that trial errors not excepted to on trial may not be raised on appeal. Where, however, "deprivation of a fundamental constitutional right” is involved, no waiver occurs (People v McLucas, 15 NY2d 167, 172; Street v New York, 394 US 576). To the same effect see Mercado v Rockefeller (502 F2d 666).
I find that subdivision 4 of section 160.15 of the Penal Law is unconstitutional as a denial of due process of law to the extent that it places upon a defendant the burden of disproving essential elements of robbery in the first degree, the operability and loaded condition of a firearm rather than requiring the prosecution to prove those facts beyond a reasonable doubt (cf. contra People v McDonald, 50 AD2d 907).
I do not agree with the defendant, however, that the necessary consequence of this holding is to require a trial de novo. The statutes (CPL 330.50, subd 1, 440.10, subd 4) authorize the court to "take such other action as is appropriate in the circumstances.” Robert White, was found guilty by a jury, beyond a reasonable doubt, of having participated in an armed robbery. It was not proved that the weapons were loaded or operable. He has been thus proved guilty of robbery in the second degree. The verdict of guilty of robbery in the first degree is vacated and there is substituted therefor a finding that he is guilty of robbery in the second degree (People v McCoy, 50 AD2d 747; People v Garcia, 46 AD2d 611).

. See 76 Col L Rev 508, Note, Precedential Weight of a Dismissal by the Supreme Court for Want of a Substantial Federal Question: Some Implications of Hicks v Miranda.

. "C, Jurisdiction
It is from the official determination of the New York State Court of Appeals, supra, that the notice of Appeal in this matter has been taken to this court, it being claimed pursuant to 28 U.S.C. § 1257(2) that there is drawn in question the validity of New York Penal Law § 160.15(4) on the ground of its being allegedly repugnant to the Constitution of the United States and the State court decisions are in favor of its validity. In this action, it is claimed that appellant’s rights under the Fifth Amendment and the Fourteenth Amendment to the United States Constitution have been abrogated by reason of the implementation to appellant of § 160.15(4), supra. Copies of Amendment Five and Amendment Fourteen are annexed hereto as appendix C.”