■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD D. NENNI, Appellant. (Appeal No. 1.)—Judgment unanimously reversed and matter remitted to Orleans County Court for further proceedings on the indictment. Memorandum: Defendant appeals from the judgment convicting him on his plea of guilty to criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4]). That crime consists of the unlawful possession of "any loaded firearm". Defendant claims that his plea was mistakenly made and that the court erred in accepting it without making further inquiry as to whether he was indeed guilty of such crime. At the time of pleading guilty defendant admitted that when arrested he had in his hand a .32 caliber revolver. The court asked, "Was the weapon loaded?" Defendant replied, "I do not know". Except to ask again whether defendant

had the weapon on his person, the court accepted the plea without further inquiry. At the time of sentencing, the court had in its possession a presentence report which, following a statement of the police officers' version of defendant's crime, contained a resume of defendant's version of his possession of the weapon, as follows: "Nenni (defendant) admits to being drunk on the night in question. He also admits to verbal abuse against the Albion police. He claims, however, that the pistol in question was not in his possession when he was put in the police car. Nenni states that as he was getting out of the police car he hit something with his foot that was lying on the floor of the car. He reached down and picked this object up. He then realized that it was a pistol, which he was holding not by the handle, but by the barrel. Nenni goes on to explain that he was not pointing the pistol at Murphy (Officer) but was remarking to Murphy that he found a pistol on the floor. He claims that Murphy and Sacco over-reacted and misinterpreted the situation entirely." Defendant's recitation of the facts of the crime to which he pleaded guilty did not establish all of the necessary elements thereof, to wit, that it was a loaded gun, and so it should have been apparent that the facts did not support his plea (see *People v McCoy,* 50 AD2d 747). Defendant's statement to the court that he did not know whether the gun was loaded should have led the court to make further inquiry into the facts *(People v Selikoff,* 35 NY2d 227; *People v Nixon,* 21 NY2d 338; *People v Serrano,* 15 NY2d 304, 308). Not only was there a question as to whether the gun was loaded but, according to defendant's statement of the facts to the writer of the presentence report, his possession of it was innocent and temporary, which, if true, would not constitute a crime *(People v Persce,* 204 NY 397, 402; *People v Curinaj,* 65 AD2d 705; *People v Messado,* 49 AD2d 560). Defendant's above statement of the facts suggested that his plea of guilty was not knowingly and voluntarily made, and the court should have made further inquiry before sentencing him *(People v Jackson,* 54 AD2d 1132). Defendant also contends that the court misunderstood his criminal record and that such fact led to the imposition of a harsher sentence than otherwise would have been made. Although the presentence report as corrected showed that a 1972 burglary charge against defendant had been dismissed, the original report showed that defendant had been convicted thereon and sentenced to one year in the Orleans County Jail. In sentencing defendant, the court seems to have been confused about his record, because it referred to the fact that "the worst [punishment] you ever got was a year in the Orleans County Jail". Defendant's sentence was well within the punishment provisions of the Penal Law, but in light of such apparent misapprehension by the court of defendant's prior record we would vacate the sentence and remand defendant for resentencing *(People v Rodriguez,* 34 AD2d 911, 912), if the judgment were not being reversed on other grounds, as above discussed. (Appeal from judgment of Orleans County Court—criminal possession of weapon, third degree.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.