■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY JIMENEZ, Appellant.—Judgment of the Supreme Court, Bronx County, rendered November 30, 1978, convicting defendant of attempted murder in the second degree and imposing an indeterminate sentence of 6½ to 13 years, reversed, on the law, and the plea and sentence vacated and the matter remanded for further proceedings. At the plea proceeding the District Attorney recited that defendant on May 29, 1978, acting in concert with others, accosted Victor Barretto on the street, that a fight took place during which defendant and others chased Barretto, overtook and stabbed him numerous times, that Barretto's injuries were serious and required protracted hospitalization, that the police in arriving shot and killed one of those participating in the fight who had attempted to attack a police officer, and that the plea of guilty to attempted murder in the second degree was in full satisfaction of all the counts in the indictment. "During the allocution by the court, the following transpired: THE COURT: All right. Now tell me, Mr. Johnny Jiminez, what did you do on May 29th, 1978, that now caused you to withdraw your plea of not guilty and to plead guilty? What is your involvement in this incident? THE DEFENDANT: To tell you the truth, I really can't recollect what happened because I was drinking. I had been drinking for nine hours; from 9 in the morning until it happened. I just remember,

you know, a few things, but I can't remember everything. THE COURT: I don't want you to remember everything. I want you to remember the particular part that you played in this incident that Mr. Hrabsky described. What did you do? THE DEFENDANT: I don't know. I was there. I was trying to break up the fight. I was shot. I can't recall. THE COURT: You better talk to your lawyer about this or find out because I will not take a plea from a person who claims that he doesn't know what took place. I'll tell you that right now. THE DEFENDANT: I was there. There was a fight and I was involved. THE COURT: And what part did you play in this involvement? What did you do? THE DEFENDANT: I guess I must have stabbed the guy. THE COURT: All right. I'll accept the plea." At no time during the plea or the sentence proceeding did defendant or his then counsel move to withdraw the plea. Now, for the first time, it is claimed that the plea was not intelligently and knowingly made. We are loath to entertain on appeal a point which was not raised below (CPL 470.05, subd 2). However, in this instance the defect in the plea proceeding is so apparent on the face of the record that it not only should have alerted the trial court to the insufficiency of the guilty plea, as it did, but should have precluded the acceptance and entry of the plea. In these circumstances, the defect commands our attention and consideration (People v Serrano, 15 NY2d 304, 309). "We do not", as the Court of Appeals observed in Serrano (supra, p 308) "see how it may properly be said that such a 'valid plea of guilt' was interposed * * * where * * * the trial court * * * properly inquires of the defendant as to the circumstances and details of the crime to which he is admitting his guilt, the mere mouthing of the word 'guilty' may not be relied upon to establish all the elements of that crime. In such case, the requisite elements should appear from the defendant's own recital and, if the circumstances of the commission of the crime as related by the defendant do not clearly spell out the crime to which the plea is offered, then, the court should not proceed, without further inquiry, to accept the guilty plea as a valid one." Tested by this standard, the guilty plea was invalid and should be vacated (People v Serrano, supra, p 310; People v Broach, 72 AD2d 748). Defendant's answers during the allocution did not establish his guilt of the crime of attempted murder in the second degree, which at a minimum requires an intent to cause the death of another person (Penal Law, § 125.25). His claim that he had been drinking for many hours before the occurrence raised a serious question whether he was intoxicated when he stabbed Victor Barretto and, if so, whether his intoxication was of such degree as to negate an intent to kill the victim (Penal Law, § 15.25; cf. People v Nenni, 70 AD2d 774). It does not appear from this record that defendant intelligently and knowingly entered the guilty plea, as there is no indication that he was aware intoxication was a potential "defense" to the crime to which he pleaded guilty. (People v Cintron, 72 AD2d 568; People v Quiles, 72 AD2d 610; People v Nenni, supra.) Upon remand, defendant may again wish to enter a plea of guilty. In such an event, if there were to be a convincing demonstration of defendant's inability to recall the circumstances of the stabbing because of intoxication, it would be appropriate that a plea of guilty be entered where defendant is, on the record, not only apprised of all the evidence against him as was done here, but following consultation with his counsel acknowledges in view of that evidence that he has no defense to the charge against him (see People v Francabandera, 33 NY2d 429, 438). Concur—Birns, J. P., Fein, Lane and Markewich, JJ.

Silverman, J., dissents in a memorandum as follows: I would hold the appeal in abeyance and remand the matter to the trial court for hearing to

determine whether the defendant's plea of guilty was intelligently and knowingly made. The contention that the plea was not so made is for the first time raised on appeal. There has been no motion in the trial court to withdraw the plea, although a month elapsed between plea and sentence. In the circumstances, I think the record is inadequate to enable us to say that the plea was not intelligently and knowingly made. However, the allocution raises sufficient questions so that I think the matter should be explored at an evidentiary hearing at which the defendant and his attorney will have an opportunity to testify.