■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR BARTLESON, Appellant.—Judgment reversed on the law, plea vacated and defendant remanded to Supreme Court, Erie County, for further proceedings on the indictment. All concur, Dillon, P. J., not participating. Memorandum: Defendant pleaded guilty to assault in the first degree and robbery in the first degree in full satisfaction of a six-count indictment. At the plea colloquy, in response to questioning by the court, defendant stated that he used "quite a bit" of cocaine and marihuana the night of the crime and remembered stabbing the victim and taking his car. In answer to the court's question about what caused him to do these acts, defendant answered: "I really don't know, Your Honor. I had no feelings toward Patrick Rowe whatsoever." Indeed, the record indicates that defendant and the victim had been close friends for a number of years. The court then inquired: "Are you saying to me that it is your belief that whatever you did was caused and induced by drugs?", to which defendant responded: "I had abused drugs before, yes, Your Honor." At the sentencing hearing, defendant again asserted that he could provide no reason for his actions.

Under the circumstances presented here, we are of the view that the court should not have accepted the plea nor should it have imposed sentence without further inquiry to establish that defendant, in fact, possessed the requisite intent at the time he committed the acts with which he was charged or was knowingly waiving that potential defense.

"[T]he requisite elements should appear from the defendant's own recital and, if the circumstances of the commission of the crime as related by the defendant do not clearly spell out the crime to which the plea is offered, then, the court should not proceed, without further inquiry, to accept the guilty plea as a valid one" *(People v Serrano,* 15 NY2d 304, 308).

Here, defendant's assertions at the plea and sentencing clearly raised the possibility that at the time that the crimes charged were committed, he was under the influence of drugs to the extent that he was unable to form the intent necessary for the commission of the crimes to which he pleaded. Thus, the court was presented with the question of whether defendant was knowingly waiving a potential defense, and further inquiry by the court was required *(People v Tomaino,* 134 AD2d 859; *People v Valente,* 77 AD2d 917; *People v Jimenez,* 73 AD2d 533, 534).

In view of the foregoing, we need not address defendant's other arguments on appeal. (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—robbery, first degree.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.