■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DI PAOLA, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered July 6, 1987, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

A 10-count indictment was filed charging defendant with sodomy in the first degree (two counts) and sexual abuse in the first degree (eight counts) as the result of separate incidents of claimed sexual contact with two children, both under 11 years of age. A plea bargain was reached whereby defendant agreed to enter a plea of guilty to sodomy in the first degree (Penal Law § 130.50 [3]) in full satisfaction of the charges against him and be sentenced to a prison term of 4½ to 9 years, the minimum legally permissible sentence due to the nature of the offense and defendant's prior criminal record.

Defendant subsequently entered a plea of guilty in accordance with the agreement. In so doing, he expressed contrition for his criminal acts, willingness to plead guilty to the charge and to accept the punishment to be imposed by the court, and the desire to avoid trial on the charges. However, during the plea allocution he denied recollection of the act of deviate sexual intercourse forming the basis for the charge, due to claimed intoxication, but indicated that he did remember touching the victim "down below". He also stated that the very detailed written confession he made to the police was true. The plea was accepted and defendant was ultimately sentenced in accordance with the plea bargain without objection.

On appeal, defendant contends that County Court erred in accepting his plea of guilty because of the existence of an unresolved question as to his guilt and the possible "defense" of intoxication. Although the People point out that defendant failed to preserve the issue by moving to withdraw his guilty plea or to vacate his judgment of conviction, where, as here,

the procedure challenged is on the face of the record, this court may exercise its discretion to review the matter in the interest of justice *(see, People v Cooks,* 67 NY2d 100, 101; *People v Serrano,* 15 NY2d 304, 309; *People v Braman,* 136 AD2d 382, 384). Nevertheless, reviewing the merits, we find no error.

Defendant's professed inability to recall the events forming the basis for the subject prosecution does not, as a matter of law, preclude a valid plea of guilty. All that is required is a finding that defendant's plea "represents a voluntary and intelligent choice among the alternative courses of action open" *(North Carolina v Alford,* 400 US 25, 31; *see, People v Francabandera,* 33 NY2d 429, 434; *People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Foster,* 19 NY2d 150). Viewing the plea allocution as a whole, we find that criterion to have been satisfied. Defendant, exposed to the risk of multiple felony convictions with the potential for consecutive sentences, elected to limit his risk and accept a favorable plea bargain, particularly in view of the evidence against him. Although defendant did express some dissatisfaction with his attorney's representation, it is clear from the record that the only basis therefor was the lawyer's failure to adequately investigate the impossible alternative of hospitalization.

We find equally untenable defendant's contention that his assertions raised the possibility of the "defense" of intoxication *(see,* Penal Law § 15.25), requiring further inquiry by County Court *(see, e.g., People v Braman, supra; People v Jimenez,* 73 AD2d 533). Voluntary intoxication has no effect upon liability for the crime of sodomy in the first degree based upon an act of deviate sexual intercourse with a person under the age of 11 since intent is not an element thereof *(see,* Penal Law § 130.50 [3]; *People v Prise,* 135 Misc 2d 363, 368-369; *see also, People v Westergard,* 113 AD2d 640, *affd* 69 NY2d 642; *People v Carlo,* 46 AD2d 764; *People v Orr,* 43 AD2d 836, *affd* 35 NY2d 829). The rule stated by the Court of Appeals in *People v Koerber* (244 NY 147, 152) is as follows: "When criminal intent in general is all that need be established the drunken defendant is treated as if he knew the consequences of his acts; but where a particular or specific intent must be established, if the jury find that the mind of the defendant was so obscured by drink that he was incapable of forming that intent, it may justify itself in the reduction of a charge." *(See also, People v Jones,* 27 NY2d 222, 228-229.)

Finally, defendant failed to move to suppress his allegedly

involuntary statement before County Court and is thereby foreclosed from raising the issue on appeal *(see, People v Gonzalez,* 55 NY2d 887).

Judgment affirmed. Mahoney, P. J., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.