■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD GOLDFADDEN, Appellant.—Judgment unanimously reversed on the law, plea vacated and defendant remanded to

Cayuga County Court, for further proceedings on the indictment. Memorandum: Defendant pleaded guilty to assault in the second degree in full satisfaction of a three-count indictment. At his plea colloquy, defendant responded to questioning by the court by indicating that he had no memory of the incident. He stated that he only remembered "going to the bar that night, having some drinks and the next thing I knew, I woke up in the County Jail." Defendant's statement apprised the court that as a result of his intoxication, he may have been unable to form the intent necessary for the commission of the crime. It was, therefore, error for the court to accept defendant's guilty plea without further inquiry to establish that he possessed the requisite intent or was knowingly waiving that potential defense *(People v Lopez,* 71 NY2d 662, 666; *People v Bartleson,* 142 AD2d 953; *People v Tomaino,* 134 AD2d 859). Additionally, during defendant's plea allocution the court erroneously indicated that if defendant were tried and convicted, he would be subject to life imprisonment. At sentencing, defendant moved to withdraw his guilty plea because his plea had been based on this misinformation. Because the court's misinformation may have induced defendant to plead guilty, defendant's motion to withdraw his guilty plea should have been granted. (Appeal from judgment of Cayuga County Court, Contiguglia, J.—assault, second degree.) Present—Doerr, J. P., Denman, Balio, Lawton and Davis, JJ.