■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES M. ALLEN, Appellant. [628 NYS2d 916] —Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to robbery in the first degree (Penal Law § 160.15 [2]), a class B felony. We reject defendant's contention that items of

physical evidence seized by police should have been suppressed as the product of an illegal stop not supported by a reasonable suspicion of criminal activity *(see, People v Willsey,* 198 AD2d 911, *lv denied* 83 NY2d 812). The record does not support defendant's contention that the guilty plea was involuntarily obtained. Despite defendant's professed inability to recall the events underlying the robbery charge, the record of the plea allocution establishes that defendant knowingly waived a possible intoxication defense *(cf., People v Bartleson,* 142 AD2d 953; *People v Braman,* 136 AD2d 382, *lv denied* 72 NY2d 911) and that his "plea 'represents a voluntary and intelligent choice among the alternative courses of action open' " *(People v Di Paola,* 143 AD2d 487, 488, quoting *North Carolina v Alford,* 400 US 25, 31). There is no merit to the contention that defendant was denied his right to effective assistance of counsel *(see generally, People v Hobot,* 84 NY2d 1021; *People v Flores,* 84 NY2d 184). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Steuben County Court, Purple, Jr., J.—Robbery, 1st Degree.) Present—Green, J. P., Lawton, Callahan, Balio and Boehm, JJ.