■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. PETIX, Appellant. [652 NYS2d 189] —Judgment unanimously affirmed. Memorandum: Defendant, while represented by counsel, knowingly, intelligently and voluntarily executed a waiver of indictment and consent to be prosecuted by a superior court information charging him with burglary in the first degree. Defendant pleaded guilty to a reduced charge of burglary in the second degree. As part of the plea agreement, he was sentenced as a second felony offender to an inde-

terminate term of incarceration of 5 to 10 years. He also was ordered to make restitution in the amount of $1,753.

We reject the contention that defendant's guilty plea was involuntarily obtained because of the existence of a possible "defense" of intoxication. Despite defendant's professed inability to recall all the events underlying the burglary charge, the record of the plea allocution establishes that defendant knowingly waived a possible intoxication defense (cf., People v Bartleson, 142 AD2d 953) and that "his 'plea "represents a voluntary and intelligent choice among the alternative courses of action open" ' (People v Di Paola, 143 AD2d 487, 488, quoting North Carolina v Alford, 400 US 25, 31)" (People v Allen, 216 AD2d 951, 952, lv denied 87 NY2d 843).

There is no merit to the contention of defendant that the court erred in ordering restitution without conducting a hearing to determine the amount. A hearing was not necessary because the record was sufficient to allow the court to make a finding "as to the dollar amount of * * * the actual out-of-pocket loss to the victim caused by the offense" (Penal Law § 60.27 [2]; see, People v Welsher, 154 AD2d 915, 916, lv denied 74 NY2d 952). Furthermore, defendant agreed on the record that the amount of restitution requested by the victim was adequate and "that's what the court ought to impose".

Defendant was sentenced in accordance with the terms of his plea agreement, and we conclude that the negotiated sentence is not unduly harsh or severe. (Appeal from Judgment of Steuben County Court, Purple, Jr., J.—Burglary, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.