■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK D. EASTMAN, Appellant. [844 NYS2d 820]—

Appeal from a judgment of the Oswego County Court (John J. Brunetti, A.J.), rendered March 22, 1999. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [2]), defendant contends that the plea was not knowingly and voluntarily entered because he made statements at the time of sentencing concerning a prior head injury that called into question the voluntariness of the plea, and County Court therefore should have conducted a further inquiry with respect to his mental impairment. Even assuming, arguendo, that defendant preserved his contention for our review, we conclude that it lacks merit. "Defendant's professed inability to recall the events forming the basis for the subject prosecution does not, as a matter of law, preclude a valid plea of guilty" (*People v Di Paola*, 143 AD2d 487, 488 [1988]; *see also People v Petix*, 234 AD2d 994 [1996], *lv denied* 89 NY2d 1098 [1997]). The court conducted a thorough inquiry at the time of the plea with respect to defendant's inability to recall all of the events that occurred on the evening of the incident, and the record establishes that defendant understood the nature of the plea and the rights that he was waiving by pleading guilty (*see Di Paola*, 143 AD2d at 488). We note in addition that at the time of sentencing defendant reiterated that he accepted the plea and that he was pleading guilty in order to avoid the risk of a lengthier sentence if he proceeded to trial (*see People v Sherman*, 8 AD3d 1026 [2004], *lv denied* 3 NY3d 681 [2004]). To the extent that the contention of defendant that he was denied effective assistance of counsel

survives the plea and defendant's waiver of the right to appeal (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Present—Hurlbutt, J.P., Centra, Lunn, Fahey and Pine, JJ.