THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY S. HIGH, Appellant. [847 NYS2d 797]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered January 19, 2006. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law § 120.05 [2]). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his challenge to the factual suffi-

ciency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Oltz*, 1 AD3d 934 [2003], *lv denied* 1 NY3d 632 [2004]). Contrary to defendant's contention, this case does not fall within the rare exception to the preservation requirement (*see Lopez*, 71 NY2d at 666). Although defendant stated during the plea allocution that he experienced an alcoholic blackout at the time of the assault and could not remember the event, County Court conducted the requisite inquiry to ensure that the plea was knowingly, voluntarily, and intelligently entered (*see id.*; *People v Zodarecky*, 15 AD3d 861 [2005]; *see also People v Allen*, 216 AD2d 951, 952 [1995], *lv denied* 87 NY2d 843 [1995]). Further, the record establishes that the waiver by defendant of the right to appeal was knowing, intelligent and voluntary (*see People v Ramos*, 7 NY3d 737, 738 [2006]), and his challenge to the severity of the sentence is encompassed by that waiver (*see People v Winchester*, 38 AD3d 1336, 1338 [2007], *lv denied* 9 NY3d 853 [2007]). Present—Scudder, P.J., Gorski, Lunn, Fahey and Green, JJ.