THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES POWELL, Appellant. (Appeal No. 1.) [848 NYS2d 464]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered December 23, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and, in appeal No. 2, he appeals from a judgment convicting him, upon his plea of guilty, of attempted arson in the second degree (§§ 110.00, 150.15). We note at the outset that defendant's waiver of the right to appeal was knowingly, voluntarily and intelligently entered with respect to each plea (*see People v Kemp*, 94 NY2d 831, 833 [1999]), and that waiver encompasses defendant's contentions concerning Supreme Court's suppression ruling and the severity of the sentence (*see id.*; *People v Pointer*, 43 AD3d 1413 [2007]). Although the further contention of defendant that the court abused its discretion in denying his pro se motion to withdraw the pleas on the ground that they were not voluntarily entered survives the waiver of the right to appeal (*see People v Wilson*, 38 AD3d 1326 [2007], *lv denied* 9

NY3d 853 [2007]), we conclude that defendant's contention lacks merit (*see People v Branton*, 35 AD3d 1035, 1036 [2006], *lv denied* 8 NY3d 982 [2007]; *People v Spikes*, 28 AD3d 1101, 1102 [2006], *lv denied* 7 NY3d 818 [2006]; *see also People v Price*, 309 AD2d 1259 [2003], *lv denied* 1 NY3d 578 [2003]). The record establishes that, during the respective plea colloquies, defendant acknowledged that he committed acts that constituted the elements of the crimes to which he was pleading guilty, and he answered the court's questions concerning the underlying facts. In addition, he stated that he had sufficient time in which to discuss the matters with his attorneys and was satisfied with their representation, and he stated that he was not coerced into pleading guilty. To the extent that the contention of defendant that he was denied effective assistance of counsel survives his guilty pleas and his waiver of the right to appeal with respect to each plea (*see People v Eastman*, 45 AD3d 1411 [2007]), we conclude that his contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.