# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**109**

**KA 09-00835**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

HECTOR R. CRUZ, DEFENDANT-APPELLANT.

---

ROBERT TUCKER, CANANDAIGUA, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered April 3, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fourth degree (three counts), criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that his plea was not voluntarily entered inasmuch as he entered the plea because of the length of his pre-plea incarceration and his desire to obtain medical treatment in a state prison. "[D]efendant failed to preserve that challenge for our review by moving to withdraw his plea or [raising that ground in his motion to] vacate the judgment of conviction" (*People v Cloyd*, 78 AD3d 1669, ___). We reject defendant's contention that this is one of those rare cases in which the exception to the preservation requirement applies (*see People v Lopez*, 71 NY2d 662, 666). The record establishes that County Court, "when confronted with statements casting significant doubt upon [the voluntariness of the plea], properly conducted further inquiry to ensure that [the] plea was . . . voluntary" (*id.* at 667-668; *see People v High*, 46 AD3d 1435, *lv denied* 10 NY3d 812). The sentence is not unduly harsh or severe.

Entered:  February 10, 2011                          Patricia L. Morgan
                                                      Clerk of the Court