People v Oliver (2019 NY Slip Op 09219)





People v Oliver


2019 NY Slip Op 09219


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, TROUTMAN, AND BANNISTER, JJ.


1302 KA 17-02145

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HAROLD OLIVER, DEFENDANT-APPELLANT. 






CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
MARK S. SINKIEWICZ, ACTING DISTRICT ATTORNEY, WATERLOO (MELISSA K. SWARTZ OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered August 28, 2017. The judgment convicted defendant upon a plea of guilty of forgery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of forgery in the second degree (Penal Law
§ 170.10 [1]). Contrary to defendant's contention, we conclude that his waiver of the right to appeal is valid (see People v Yates, 173 AD3d 1849, 1849 [4th Dept 2019]; People v Smith, 164 AD3d 1621, 1621-1622 [4th Dept 2018], lv denied 32 NY3d 1177 [2019]). Here, County Court engaged defendant in a sufficient colloquy to ascertain that defendant's waiver of the right to appeal was made knowingly, intelligently, and voluntarily (see People v Lopez, 6 NY3d 248, 256 [2006]).
We further conclude that, "[a]lthough a valid waiver of the right to appeal would not preclude defendant's challenge to the voluntariness of his plea, defendant failed to preserve that challenge for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction" (People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; see People v Cruz, 81 AD3d 1300, 1301 [4th Dept 2011], lv denied 17 NY3d 793 [2011]). Contrary to defendant's contention, this is not the "rare case in which the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon [his] guilt or otherwise calls into question the voluntariness of the plea," and thus the exception to the preservation rule does not apply (Mobayed, 158 AD3d at 1222 [internal quotation marks omitted]; see generally People v Lopez, 71 NY2d 662, 666 [1988]). Insofar as defendant also contests the factual sufficiency of the plea colloquy, that contention is encompassed by his valid waiver of the right to appeal (see People v Oswold, 151 AD3d 1756, 1756 [4th Dept 2017], lv denied 29 NY3d 1131 [2017]).
Finally, defendant's valid waiver of the right to appeal forecloses his challenge to the severity of the sentence (see Lopez, 6 NY3d at 255).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court