People of the State of New York v Joseph (2020 NY Slip Op 07472)





People of the State of New York v Joseph


2020 NY Slip Op 07472


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Judith J. Gische
Lizbeth González
Saliann Scarpulla
Manuel J. Mendez, JJ.


Ind No. 2982/15 Appeal No. 12629 Case No. 2018-2420 

[*1]The People of the State of New York, et al., Respondent,
v
Jeffrey Joseph, et al., Defendant-Appellant.



Defendant appeals from a Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered November 15, 2016, as amended December 28, 2016, convicting defendant, upon his plea of guilty, of burglary in the second degree as a sexually motivated felony, burglary in the second degree and sexual abuse in the first degree, and imposing sentence.




Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



RENWICK, J.P. 


In this case, defendant faced an aggregate sentence of 45 years if convicted after trial of three burglaries which he faced in Manhattan and Brooklyn cases. By operation of Penal Law § 70.30(1)(e)(i), such aggregate sentence would have been automatically reduced to 20 years. However, in inducing defendant to plead guilty to the Manhattan burglary counts, with an aggregate sentence of 10 years, and a promise that the sentence would run concurrently with the sentence on his Brooklyn case, the court repeatedly told defendant that he faced a possible sentence of 45 years, but not that defendant's sentence would ultimately be reduced to 20 years. On this appeal, defendant contends that because the court misinformed him about his sentence exposure, his plea was not made knowingly, voluntarily, and intelligently. For the reasons that follow, we agree.
Defendant's challenge to the voluntariness of his plea is properly before this Court even though defendant did not seek to withdraw his plea before sentencing. "Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea on the same grounds subsequently alleged on appeal or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013], cert denied 574 US 840 [2014]). The Court of Appeals, however, has carved out an exception to the preservation doctrine, in certain instances. "because of the 'actual or practical unavailability of either a motion to withdraw the plea' or a 'motion to vacate the judgment of conviction,'" reasoning that " 'a defendant can hardly be expected to move to withdraw his plea on a ground of which he has no knowledge' " (id. quoting People v Louree, 8 NY3d 541, 546 [2007]; see People v Turner, 24 NY3d 254, 258 [2014]).
In order to be valid, a plea of guilty must be entered voluntarily, knowingly, and intelligently (see People v Mox, 20 NY3d 936, 938-939 [2012]; People v Hill, 9 NY3d 189, 191 [2007] , cert denied 553 US 1048 [2008]; People v Rogers, 114 AD3d 707, 707 [2d Dept 2014], lv denied 23 NY3d 1067 [2014]. A plea is voluntary if it represents a choice freely made by the defendant among legitimate alternatives (People v Brown, 14 NY3d 113, 116 [2010]).
While it is true that misinformation or incorrect advice about the maximum sentence is not necessarily dispositive, it would be a factor for the court to consider in whether a plea was entered voluntarily, knowingly, and intelligently (see People v Garcia, 92 NY2d 869, 870 [1998]; People v Smith, 49 AD3d 1032, 1033 [3d 2008], lv denied 10 NY3d 939 [2008]; People v Jackson, 278 AD2d 875, 875 [4th Dept 2000], lv denied 96 NY2d 759 [2001]; compare People v Norman, 220 AD2d 537, 537 [2d 1995]; People v Goldfadden, 145 AD2d 959, 960 [4th Dept 1988] ).
Here, the court's misinformation had great significance. The court repeatedly warned defendant that he could face 45 years in prison if he proceeded to trial on all three of his open burglary cases, and neither the prosecutor nor defense counsel corrected the record. Moreover, defendant, who had already had a failed allocution, did not plead guilty until just before jury selection was to begin, and after the court had repeatedly warned him that he could face as much as 45 years in jail if he proceeded to trial and was convicted. Defendant even told the Probation Department that he pleaded guilty because he feared a 45-year prison term. Such record establishes that the court's misinformation had a misleading effect on defendant's decision to plead guilty, making his guilty plea not knowing, intelligent, and voluntary, and thus requiring it to be vacated (compare People v Gotte, 125 AD2d 331 [2d Dept 1986] and People v Mack, 140 AD3d 791, 792 [2d Dept 2018] [misadvice of counsel regarding defendant's status did not render the defendant's plea involuntary because length of sentence was "but one of many elements considered by the defendant before his plea was accepted"]).
Accordingly, the judgment of the Supreme Court, New York County (Gilbert C. Hong, J.), rendered November 15, 2016, as amended December 28, 2016, convicting defendant, upon his plea of guilty, of burglary in the second degree as a sexually motivated felony, burglary in the second degree and sexual abuse in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 10 years, should be reversed, on the law, the pleas as to both counts vacated, and the matter remanded for further proceedings.
All Concur.
Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered November 15, 2016, as amended December 28, 2016, reversed, on the law, the pleas as to both counts vacated, and the matter remanded for further proceedings.
Opinion by Renwick, J.P. All concur.
Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020