■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SPENCER, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant has failed to preserve for appellate review his contention that his factual statement of the crime of assault in the second degree was insufficient. Although defendant's initial statement suggested the absence of one of the essential elements of the crime charged (Penal Law § 120.05 [3]), the court's further inquiry regarding the facts elicited a sufficient statement of all elements of that crime. Defendant, by failing to express dissatisfaction with the court's inquiry and by failing to move to withdraw his plea, waived further challenge to the plea colloquy *(see, People v Lopez,* 71 NY2d 662).

Given the strong evidence of defendant's intent to sell, the court properly accepted defendant's *Alford* plea *(see, North Carolina v Alford,* 400 US 25) to the crime of criminal possession of a controlled substance in the third degree. The record reveals that defendant made his plea knowingly, voluntarily and with full understanding of its consequences *(see, People v Friedman,* 39 NY2d 463, 466; *People v Myers,* 151 AD2d 1002, *lv denied* 74 NY2d 815). The court's imposition of agreed upon concurrent indeterminate terms of incarceration of 2 to 6 years was not harsh or excessive. (Appeal from Judgment of Cattaraugus County Court, Kelly, J.—Assault, 2nd Degree.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SPENCER, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed. Same Memorandum as in *People v Spencer* ([appeal No. 1] 185 AD2d 695 [decided herewith]). (Appeal from Judgment of Cattaraugus County Court, Kelly, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.