■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC J. ALFIERI, Appellant. [610 NYS2d 904] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in denying the motion of defendant to withdraw his guilty plea. Contrary to defendant's contention, the record establishes that defendant was afforded a reasonable opportunity to present the grounds for his withdrawal application and no evidentiary hearing was required *(see, People v Frederick,* 45 NY2d 520, 525; *People v Tinsley,* 35 NY2d 926, 927; *People v McNair* [appeal No. 1], 186 AD2d 1089, *lv denied* 80 NY2d 1028; *People v Croskery,* 139 AD2d 970, 971). Additionally, the record establishes that defendant was not deprived of his fundamental right to be present at all material stages of the proceedings when he was excluded from a side-bar conference at which the court and counsel discussed the procedure that the court would follow when it considered the motion of defendant to withdraw his guilty plea *(see generally, People v Antommarchi,* 80 NY2d 247, *rearg denied* 81 NY2d 759; *People v Dokes,* 79 NY2d 656, 660). The side-bar conference did not involve "factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position" *(People v Dokes, supra,* at 660).

Defendant was not denied effective assistance of counsel. Contrary to defendant's argument, the record demonstrates that defense counsel forcefully articulated the grounds for defendant's motion seeking leave to withdraw defendant's guilty plea *(see, People v Glasper,* 151 AD2d 692, 693).

The record shows that defendant was advised of his rights and that his *Alford* plea *(see, North Carolina v Alford,* 400 US 25) was knowingly, intelligently and voluntarily entered with a full understanding of its consequences *(see, People v Friedman,* 39 NY2d 463, 466; *People v Spencer* [appeal No. 1], 185 AD2d 695, *lv denied* 80 NY2d 977; *People v Parish,* 182 AD2d 1104, *lv denied* 80 NY2d 836). Finally, the prosecutor placed on the record the proof that the People intended to offer at

trial and that elaboration contained strong evidence of defendant's guilt *(see, North Carolina v Alford, supra,* at 37; *People v Friedman, supra,* at 466; *People v Spencer, supra).* (Appeal from Judgment of Livingston County Court, Cicoria, J.—Rape, 1st Degree.) Present—Pine, J. P., Balio, Fallon, Doerr and Davis, JJ.