■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CHAMBERS, Appellant. [665 NYS2d 362] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of burglary in the second degree, imposing a seven-year determinate sentence of imprisonment, and ordering him to pay restitution in the amount of $2,418.81. Defendant contends that County Court erred in ordering restitution without conducting a hearing.

Defense counsel waived defendant's right to a restitution hearing, expressly stating that defendant "doesn't wish to contest [the amount of restitution] any further" (*see, People v Kelly,* 238 AD2d 938; *People v Lugo,* 191 AD2d 648). (Appeal from Judgment of Livingston County Court, Alonzo, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Pine, Balio, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN McDOWELL, Appellant. [665 NYS2d 949] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in denying the motion of defendant to withdraw his guilty plea (*see,* CPL 220.60 [3]; *People v Hamilton,* 192 AD2d 738, 740), which was entered at trial while the jury was deliberating. "The record reveals that the plea was knowing and voluntary and was made without protestation of innocence" (*People v Collins,* 186 AD2d 298). We reject the contention of defendant that he was deprived of effective assistance of counsel on his motion to withdraw the plea. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Rape, 1st Degree.) Present—Denman, P. J., Pine, Balio, Boehm and Fallon, JJ.