■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO A. FIGUEROA-GUZMAN, Appellant. [710 NYS2d 280] —Judgment unanimously affirmed. Memorandum: By failing to move to withdraw his guilty plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that he did not knowingly, intelligently and voluntarily enter his guilty plea (see, People v Toxey, 86 NY2d 725, 726, rearg denied 86 NY2d 839; People v Lopez, 71 NY2d 662, 665). This is not one of those rare cases in which defendant's recitation of the underlying facts engenders significant doubt with respect to defendant's guilt or otherwise calls into question the voluntariness of the plea (see, People v Toxey, supra, at 726; People v Lopez, supra, at 666). "The record shows that defendant was advised of his rights and that his Alford plea (see, North Carolina v Alford, 400 US 25) was knowingly, intelligently and voluntarily entered with a full understanding of its consequences" (People v Alfieri, 201 AD2d 935, lv denied 83 NY2d 908; see, People v Peralta, 231 AD2d 958, lv denied 90 NY2d 909). Although defendant could not remember what happened on the evening that he allegedly committed the crime, the proof that the People intended to offer at trial, which was established in part at the Wade hearing, contained strong evidence of defendant's guilt (see, People v Peralta, supra; People v Sanford, 231 AD2d 900, lv denied 89 NY2d 929). We also reject the contention that defendant was denied effective assistance of counsel. "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147; see, People v Flores, 84 NY2d 184, 187). (Appeal from Judgment of Jefferson

County Court, Clary, J.—Assault, 2nd Degree.)
Present—Pigott, Jr., P. J., Green, Hayes and Hurlbutt, JJ.