■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SPARTACUS T. BROWN, Appellant. [716 NYS2d 632] —Resentence unanimously affirmed. Memorandum: Defendant appeals from a resentence in connection with his conviction of robbery in the first degree (*see, People v Brown*, 261 AD2d 890). The resentence is not unduly harsh or severe. The contention of defendant that County Court erred in denying his CPL 440.10 motion is not properly before us because defendant did not obtain leave to appeal from the order denying that motion (*see,* CPL 450.15 [1]; 460.15; *People v Myles*, 251 AD2d 515, *lv dismissed* 92 NY2d 950, *lv denied* 92 NY2d 1052). (Appeal from Resentence of Onondaga County Court, Mulroy, J.—Resentence.) Present—Pine, J. P., Wisner, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAQQUAN HARRIOTT, Appellant. [716 NYS2d 343] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]) and murder in the second degree (Penal Law § 125.25 [3]). By failing to move to withdraw his guilty plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that he did not knowingly, intelligently and voluntarily enter his guilty plea (*see, People v Toxey*, 86 NY2d 725, 726, *rearg denied* 86 NY2d 839; *People v Lopez*, 71 NY2d 662, 665). This is not one of those rare cases in which the statements of defendant engender significant doubt with respect to his guilt or otherwise call into question the voluntariness of the plea (*see, People v Toxey, supra,* at 726; *People v Lopez, supra,* at 666). "The record shows that defendant was advised of his rights and that his *Alford* plea (*see, North Carolina v Alford*, 400 US 25) was knowingly, intelligently and voluntarily entered with a full understanding of its consequences" (*People v Alfieri*, 201 AD2d 935, *lv denied* 83 NY2d 908; *see, People v Peralta*, 231 AD2d 958, *lv denied* 90 NY2d 909). The bargained-for sentence is neither unduly harsh nor severe. (Appeal from Judgment of Chautauqua County Court, Ward, J.—Murder, 1st Degree.) Present—Pine, J. P., Wisner, Balio and Lawton, JJ.