THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL DUNCAN, JR., Appellant. [716 NYS2d 516] —Judgment

unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of assault in the first degree (Penal Law § 120.10 [1], [3]) and other crimes arising from the shooting of two of his girlfriend's sons. At trial defendant contended that the shooting was in self-defense because the older victim was reaching for a gun. Over three months before trial, the People disclosed that three items had been removed from the victim's car: a shotgun from the trunk of the car, a bolt action for the shotgun from the glove compartment, and two shells from the armrest between the front seats of the car. We reject the contention of defendant that the delayed production of that evidence warrants reversal of his conviction. Although the production of that *Brady* material was delayed, defendant was "given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case" (*People v Cortijo*, 70 NY2d 868, 870; *see also, People v Brown*, 67 NY2d 555, 559, *cert denied* 479 US 1093). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Orleans County Court, Punch, J.—Assault, 1st Degree.) Present—Pine, J. P., Wisner, Scudder and Kehoe, JJ.