■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BRANT, Appellant. [715 NYS2d 348] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of two counts of murder in the second degree (Penal Law § 125.25 [1], [2]) in connection with the death of his mother. Defendant was questioned about the murder after he was arrested on an outstanding warrant for an unpaid fine on a petit larceny conviction. Defendant contends that, because he was represented by counsel on the petit larceny matter, the police questioned him in violation of his right to counsel and the police were precluded from questioning him with respect to the murder. Defendant's contention is raised for the first time on appeal and therefore it is not preserved for our review (*see,* CPL 470.05 [2]). In any event, the contention is without merit. "A criminal action * * * terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case" (CPL 1.20 [16] [c]). Thus, defendant was no longer represented by counsel on that matter (*cf., People v Bing,* 76 NY2d 331, 344).

County Court properly denied defendant's motion for substitution of counsel. Defendant failed to demonstrate "good cause for substitution" (*People v Sides,* 75 NY2d 822, 824; *see also, People v Benson,* 265 AD2d 814, *lv denied* 94 NY2d 860, *cert denied* 529 US 1076). (Appeal from Judgment of Niagara County Court, Fricano, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Balio, JJ.