■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH A. HOBART, Appellant. [731 NYS2d 127] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [2]) and sentencing him to an indeterminate term of incarceration of 25 years to life, defendant contends that his plea was not knowing, intelligent, and voluntary because Supreme Court refused to assign new counsel at defendant's request and because the plea was induced by the threat of a heavier sentence if defendant did not plead guilty. Those contentions are unpreserved for our review because defendant failed to move to withdraw the plea or vacate the judgment of conviction (*see, People v Woods,* 281 AD2d 929; *People v Nixon,* 278 AD2d 941, *lv denied* 96 NY2d 786; *People v Harriott,* 277 AD2d 987). Indeed, it appears that defendant abandoned his request for a substitution of counsel, deciding instead to plead guilty while still being represented by the same attorney. In any event, we discern no basis on this record for a mandatory substitution of counsel (*see generally, People v Sides,* 75 NY2d 822, 824-825; *People v Medina,* 44 NY2d 199, 206-209). The

court made the requisite "minimal inquiry" into "the nature of the disagreement or its potential for resolution" (*People v Sides, supra,* at 825), and defendant was unable to articulate any basis for substitution of counsel (*see, People v Sides, supra,* at 824; *People v Brant,* 277 AD2d 1022, *lv denied* 96 NY2d 756; *People v Schojan,* 272 AD2d 932, 933, *lv denied* 95 NY2d 871; *People v Benson,* 265 AD2d 814, 814-815, *lv denied* 94 NY2d 860, *cert denied* 529 US 1076).

There is no merit to defendant's further contention that the plea was involuntary because it was coerced by the explicit threat of a heavier sentence (*see, People v Hecht,* 257 AD2d 493, *lv denied* 93 NY2d 853; *People v Miles,* 256 AD2d 157). The risk of a heavier sentence after trial does not render a plea involuntary (*see, People v Dashnaw,* 260 AD2d 658, 659, *lv denied* 93 NY2d 968; *People v Polite,* 259 AD2d 566, *lv denied* 93 NY2d 1025; *People v Hillendale,* 244 AD2d 911, 912; *People v Gibson,* 167 AD2d 921, *lv denied* 77 NY2d 961). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.