THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COSME BURGOS, Appellant. (Appeal No. 1.) [738 NYS2d 268] —Appeal from a judgment of the Ontario County Court (Doran, J.), entered July 7, 2000, convicting defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court properly denied defendant's application for new assigned counsel. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (*People v Sides,* 75 NY2d 822, 824; *see, People v Sawyer,* 57 NY2d 12, 18-19, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178). Here, the court made an appropriate inquiry and determined that there was no good cause for substitution of assigned counsel (*see, People v Brant,* 277 AD2d 1022, *lv denied* 96 NY2d 756). Defendant failed to move to withdraw the plea of guilty or to vacate the judgment of conviction and thus failed to preserve for our review his contention that the court erred in accepting his *Alford* plea

(*see, North Carolina v Alford,* 400 US 25) without conducting a sufficient inquiry concerning his inability to recall the underlying incident (*see, People v Townley,* 286 AD2d 885). In any event, that contention is without merit. "The record shows that defendant was advised of his rights and that his *Alford* plea * * * was knowingly, intelligently and voluntarily entered with a full understanding of its consequences" (*People v Alfieri,* 201 AD2d 935, 935, *lv denied* 83 NY2d 908; *see, People v Figueroa-Guzman,* 273 AD2d 912). Present—Pigott, Jr., P.J., Green, Hayes, Scudder and Gorski, JJ.