■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS SMITH, Appellant. [737 NYS2d 607] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J., on CPL 190.50 [5] [c] motion; Megan Tallmer, J., at jury trial and sentence), rendered May 2, 2000, convicting defendant of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to three concurrent terms of 5 to 10 years, unanimously affirmed.

Even assuming the truth of defendant's allegations concerning counsel's failure to effectuate his request to testify before the grand jury, such failure does not constitute ineffective assistance of counsel warranting dismissal of the indictment (*People v Wiggins*, 89 NY2d 872, 873; *People v Brooks*, 258 AD2d 527, *lv denied* 93 NY2d 967).

Since defendant made only a generalized objection, his current challenge to a comment made by the prosecutor during summation is not preserved for review (*People v Clarke*, 81 NY2d 777; *People v Balls*, 69 NY2d 641), and we decline to review it in the interest of justice. Were we to review this claim, we would find that this isolated statement does not warrant reversal, particularly in light of the court's instructions (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884; *Bates v United States*, 403 A2d 1159, 1162-1163 [DC]).

Defendant's claim that the procedure by which he was adjudicated a second felony offender did not satisfy the requirements of CPL 400.21 requires preservation (*People v Oliver*, 63 NY2d 973), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that there was satisfactory compliance with the statute (*see, People v Bouyea*, 64 NY2d 1140).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Friedman, JJ.