■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON D. CLACKS, Appellant. [747 NYS2d 817] —Appeal from a judgment of Jefferson County Court (Martusewicz, J.), entered June 11, 2001, convicting defendant upon his plea of guilty of robbery in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the third degree (Penal Law § 160.05). The record establishes that defendant voluntarily, knowingly, and intelligently waived his right to appeal, and that waiver encompasses his present challenges to the factual sufficiency of the plea allocution (*see People v Vallejo,* 261 AD2d 962, 962, *lv denied* 93 NY2d 1029; *see also People v Diola,* 239 AD2d 961, *lv denied* 91 NY2d 872). To the extent that defendant contends that his plea was not voluntarily, knowingly, and intelligently entered, that contention survives his waiver of the right to appeal (*see People v Seaberg,* 74 NY2d 1, 10), but we conclude that it is without merit. "The record shows that defendant was advised of his rights and that his *Alford* plea (*see, North Carolina v Alford,* 400 US 25) was knowingly, intelligently and voluntarily entered with a full understanding of its consequences" (*People v Alfieri,* 201 AD2d 935, 935, *lv denied* 83 NY2d 908; *see People v Cooley,* 265 AD2d 922; *see also People v Figueroa-Guzman,* 273 AD2d 912). We reject the contention of defendant that the People did not set forth the specific evidence against him and thus that his plea was not knowingly and intelligently entered. "[T]he prosecutor placed on the record the proof that the People intended to offer at trial and that elaboration contained strong evidence of defendant's guilt" (*Alfieri,* 201 AD2d at 935-936; *see People v Sanford,* 231 AD2d 900, *lv denied* 89 NY2d 929; *People v Peralta,* 231 AD2d 958, *lv denied* 90 NY2d 909).

Defendant further contends that County Court erred in denying his motion to withdraw his guilty plea without affording him a reasonable opportunity to state the grounds for the motion. We disagree. Defense counsel set forth the grounds for the motion and the court then allowed defendant to present any further comments or arguments (*see People v Tinsley,* 35 NY2d 926, 927). The court did not abuse its discretion in denying the motion (*see People v French,* 292 AD2d 813, 814; *People v Chrysler,* 241 AD2d 975, *lv denied* 90 NY2d 1010). We reject the further contention of defendant that he was denied effective assistance of counsel because defense counsel withdrew all pending motions when defendant pleaded guilty (*see generally People v Mojica,* 291 AD2d 833, *lv denied* 98 NY2d 653).

Defendant failed to preserve for our review his contention that the court erred in its determination of the amount of restitution (*see People v Horne,* 97 NY2d 404, 414 n 3; *People v McCorkle,* 298 AD2d 848). Finally, the waiver by

defendant of the right to appeal encompasses his contention concerning the severity of the sentence (*see People v Lococo,* 92 NY2d 825, 827; *People v Hidalgo,* 91 NY2d 733, 737), and, in any event, we conclude that the bargained-for sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.