■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO BONILLA, Appellant. [747 NYS2d 830] —Appeal from a judgment of Livingston County Court (Alonzo, J.), entered July 19, 2001, convicting defendant after a jury trial of, inter alia, attempted assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), assault in the second degree (§ 120.05 [2]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]), defendant contends that County Court erred in summarily denying his pretrial motion to dismiss assigned counsel. We disagree. "[T]he court made an appropriate inquiry and determined that there was no good cause for substitution of assigned counsel" (*People v Burgos*, 291 AD2d 904, 904, *lv denied* 97 NY2d 751; *see generally People v Sides*, 75 NY2d 822, 824-825). We further conclude that the court did not abuse its discretion in refusing to entertain defendant's pro se motions (*see People v Rodriguez*, 95 NY2d 497, 501-502).

Contrary to defendant's further contention, the People's delay in disclosing *Brady* material does not warrant reversal. Defendant was "given a meaningful opportunity to use the * * * exculpatory material to cross-examine the People's witnesses or as evidence during his case" (*People v Cortijo*, 70 NY2d 868, 870; *see People v Jackson*, 281 AD2d 906, 907, *lv denied* 96 NY2d 920; *People v Duncan*, 277 AD2d 997, 998). The verdict is not against the weight of the evidence and the conviction of attempted assault in the first degree is supported by legally sufficient evidence (*see People v Bleakley*, 69 NY2d 490, 495).

Defendant has failed to preserve for our review his contention that he was improperly sentenced as a second felony offender based on the court's failure to ask him whether he wished to controvert any allegation in the predicate felony statement (*see People v Harris*, 246 AD2d 401, *lv denied* 91 NY2d 926; *see generally People v Proctor*, 79 NY2d 992, 994). In any event, by asking defendant to admit the existence, nature, time and location of the prior conviction as well as the length of incarceration, the court "substantially complied with the requirements of CPL 400.21" (*People v Chaney*, 284 AD2d 998, 998, *lv denied* 96 NY2d 917; *see People v Bouyea*, 64 NY2d 1140, 1142). The sentence is neither unduly harsh nor severe.

We have reviewed the contentions raised by defendant in his pro se supplemental brief and conclude they are without merit. Present—Pine, J.P., Hayes, Kehoe, Gorski and Lawton, JJ.