■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMGOD THOMPSON, Appellant. [771 NYS2d 436]—Appeal from a judgment of the Ontario County Court (Frederick T. Henry, Jr., J.), rendered June 20, 2001. The judgment convicted defendant, upon his plea of guilty, of conspiracy in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of conspiracy in the fourth degree (Penal Law § 105.10 [1]). By failing to move to withdraw his guilty plea or to vacate the judgment of conviction, defendant has failed to preserve for our review his challenges to the voluntariness of his plea and the competency of his counsel (*see People v Fulford*, 296 AD2d 661 [2002]; *see also People v Bartlett*, 289 AD2d 1024 [2001], *lv denied* 98 NY2d 648 [2002]; *People v Townley*, 286 AD2d 885, 885-886 [2001]). In any event, we conclude that defendant was advised of his rights and that his *Alford* plea (*see North Carolina v Alford*, 400 US 25 [1970]) was knowingly, intelligently and voluntarily entered with a full understanding of its consequences (*see People v Alfieri*, 201 AD2d 935 [1994], *lv denied* 83 NY2d 908 [1994]). The contention that defendant was denied effective assistance of counsel does not survive his plea because there is no indication in the

record of any ineffectiveness affecting the plea (*see People v Petgen,* 55 NY2d 529, 534-535 [1982], *rearg denied* 57 NY2d 674 [1982]). To the contrary, defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford,* 86 NY2d 397, 404 [1995]; *see People v Davis,* 302 AD2d 973, 974 [2003], *lv denied* 100 NY2d 537 [2003]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.