■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MOORE, Appellant. [775 NYS2d 634]—Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered November 15, 2001. The judgment convicted defendant, upon his plea of guilty, of coercion in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of coercion in the first degree (Penal Law § 135.65 [1]). The record establishes that defendant's waiver of the right to appeal was voluntary, knowing and intelligent, and that waiver encompasses defendant's present contention that the plea allocution was factually insufficient (*see People v Clacks*, 298 AD2d 846, 847 [2002], *lv denied* 99 NY2d 534 [2002]; *People v Vallejo*, 261 AD2d 962 [1999], *lv denied* 93 NY2d 1029 [1999]). Although the further contention of defendant that his plea was not knowingly and voluntarily entered survives his waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *Clacks*, 298 AD2d at 847), that contention is likewise without merit. The record establishes that defendant was fully advised of his rights and that his plea was voluntarily entered with full knowledge of its consequences (*see People v Hart*, 284 AD2d 982 [2001], *lv denied* 97 NY2d 641 [2001]; *see generally People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9, 16-17 [1983]).

We reject the further contention of defendant that County Court erred in fixing the amount of restitution to be paid as a term of probation pursuant to Penal Law § 65.10 (2) (g) without conducting a hearing. Defense counsel expressly waived the right to a hearing on the amount of restitution (*see People v Chambers*, 242 AD2d 860 [1997]; *People v Kelly*, 238 AD2d 938, 939 [1997], *lv denied* 90 NY2d 906 [1997]). Finally, defendant contends that he was denied effective assistance of counsel. To the extent that his contention survives his plea of guilty (*see People v Brown*, 305 AD2d 1068, 1069 [2003], *lv denied* 100 NY2d 579 [2003]), we conclude that it is lacking in merit. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]; *see Brown*, 305 AD2d at 1069). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Hayes, JJ.