■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE QUINN, Appellant. [775 NYS2d 735]—Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered August 19, 2002. The judgment convicted defendant, upon his plea of guilty, of attempted course of sexual conduct against a child in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: By failing to move to withdraw his plea or to vacate the judgment of conviction, defendant has failed to preserve for our review his contention that his plea was not knowingly, voluntarily or intelligently entered (*see People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]; *see also People v Nixon*, 278 AD2d 941 [2000], *lv denied* 96 NY2d 786 [2001]). In any event, defendant's contention is without merit. To the extent that the further contention of defendant that he was denied effective assistance of counsel survives his plea of guilty (*see People v Cass*, 1 AD3d 1025 [2003]; *People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that his contention lacks merit (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Thompson*, 4 AD3d 785 [2004]). Finally, the sentence is neither unduly harsh nor se-

vere. Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.