■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM SHERMAN, Appellant. [778 NYS2d 376]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered March 14, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). Although defendant contends that Supreme Court erred in denying his motion to withdraw the guilty plea, defendant did not in fact make such a motion. Defendant wrote a letter to the court prior to sentencing in which he protested his innocence but he did not request permission to withdraw his plea, nor did the court construe the letter as making such a request. By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that he did not knowingly, intelligently and voluntarily enter his guilty plea (*see People v Perry*, 4 AD3d 618 [2004]; *People v Thompson*, 4 AD3d 785 [2004]; *People v Harriott*, 277 AD2d 987 [2000], *lv denied* 97 NY2d 682 [2001]; *People v Figueroa-Guzman*, 273 AD2d 912 [2000]). In any event, his contention is without merit. Defendant stated during the plea colloquy that he was entering an *Alford* plea in order to avoid the risk of a lengthier sentence if he proceeded to trial (*see People v Casco*, 4 AD3d 742 [2004]; *People v Stewart*, 307 AD2d 533, 534 [2003]). The People set forth the proof they intended to offer at trial and thereby presented the requisite strong evidence of defendant's guilt (*see People v Clemons*, 299 AD2d 666, 667 [2002], *lv denied* 99 NY2d

627 [2003]; *People v Clacks,* 298 AD2d 846, 847 [2002], *lv denied* 99 NY2d 534 [2002]). Here, "[t]he record shows that defendant was advised of his rights and that his *Alford* plea *(see, North Carolina v Alford,* 400 US 25 [1970]) was knowingly, intelligently and voluntarily entered with a full understanding of its consequences" *(People v Alfieri,* 201 AD2d 935, 935 [1994], *lv denied* 83 NY2d 908 [1994]; *see Figueroa-Guzman,* 273 AD2d at 912).

"The contention that defendant was denied effective assistance of counsel does not survive his plea because there is no indication in the record of any ineffectiveness affecting the plea" *(Thompson,* 4 AD3d at 785-786). In any event, defendant received meaningful representation *(see People v Baldi,* 54 NY2d 137, 147 [1981]). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" *(People v Ford,* 86 NY2d 397, 404 [1995]). Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Hayes, JJ.