■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN L. HODGE, Appellant. [804 NYS2d 189]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered June 2, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the second degree

(Penal Law §§ 110.00, 120.05 [7]), defendant contends that County Court erred in accepting his *Alford* plea and in refusing to allow him to "withdraw" that plea. "Although defendant contends that [the court] erred in denying his motion to withdraw the [*Alford*] plea, defendant did not in fact make such a motion," and therefore defendant failed to preserve for our review his contention that he did not knowingly, voluntarily or intelligently enter his plea (*People v Sherman*, 8 AD3d 1026, 1026 [2004], *lv denied* 3 NY3d 681 [2004]). Rather, defendant made a request to "change [his] plea to no contest." In any event, the court did not err in accepting the plea inasmuch as the record establishes that defendant "was advised of his rights and that his *Alford* plea . . . was knowingly, intelligently and voluntarily entered with a full understanding of its consequences" (*People v Alfieri*, 201 AD2d 935, 935 [1994], *lv denied* 83 NY2d 908 [1994]; *see People v Castricone*, 19 AD3d 1101 [2005]; *Sherman*, 8 AD3d at 1026-1027; *People v Casco*, 4 AD3d 742, 742-743 [2004]). Contrary to the further contention of defendant, the court properly denied his request to change his plea from an *Alford* plea to a no contest plea inasmuch as no contest pleas are not permitted in New York (*see* CPL 220.10; *People v Daiboch*, 265 NY 125, 128-129 [1934]; 32A NY Jur 2d, Criminal Law § 1350).

Defendant failed to preserve for our review his further contention that the procedure by which he was adjudicated a second felony offender did not satisfy the requirements of CPL 400.21 inasmuch as he did not object to any alleged procedural error with respect thereto (*see People v Oliver*, 63 NY2d 973 [1984]; *People v Caballero*, 293 AD2d 401 [2002], *lv denied* 98 NY2d 673 [2002]; *People v Smith*, 291 AD2d 292 [2002], *lv denied* 98 NY2d 655 [2002]). In any event, defense counsel expressly agreed to use the CPL 200.60 statement in lieu of a CPL 400.21 statement and thus waived compliance with CPL 400.21 (*see generally People v Santiago*, 269 AD2d 770 [2000]).

Finally, we reject defendant's contention that the sentence is improper. Where, as here, a defendant is sentenced to an indeterminate term of incarceration, that defendant is not subject to a period of postrelease supervision (*see* Penal Law § 70.45 [1]). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Pine, JJ.