# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

365

KA 10-02123

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JAMES RICHARDS, JR., DEFENDANT-APPELLANT.

---

ROBERT M. PUSATERI, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered September 29, 2010. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that his waiver of the right to appeal is invalid. That contention lacks merit. County Court specifically advised defendant that the waiver of the right to appeal was not automatic based upon the plea (*cf. People v Moyett*, 7 NY3d 892), and the court asked defendant whether he had discussed the waiver of his right to appeal with his attorney and in fact provided defendant with a further opportunity to speak to his attorney concerning the waiver. Under the circumstances, the court did not " 'conflate' " the waiver of the right to appeal with those rights automatically forfeited by the plea (*People v Porter*, 55 AD3d 1313, *lv denied* 11 NY3d 899). Defendant's waiver of the right to appeal forecloses his contention regarding the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 255). Finally, defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus has failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665). We note in any event that no factual colloquy was required inasmuch as defendant pleaded guilty to a crime lesser than that charged in the indictment (*see People v Zimmerman*, 219 AD2d 848, *lv*

*denied* 88 NY2d 856).