# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**182**
**KA 13-01174**
PRESENT: PERADOTTO, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ANTHONY C. HARRIS, DEFENDANT-APPELLANT.

---

MULDOON, GETZ & RESTON, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered May 6, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a forged instrument in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a forged instrument in the second degree (Penal Law §§ 110.00, 170.25). We agree with defendant that his waiver of the right to appeal is invalid. "During the plea colloquy, County Court conflated the appeal waiver with the rights automatically waived by the guilty plea" (*People v Sanborn*, 107 AD3d 1457, 1458 [internal quotation marks omitted]; *see People v Tate*, 83 AD3d 1467, 1467).

Defendant failed to move to withdraw his guilty plea under CPL 220.60 (3) or to vacate the judgment of conviction under CPL 440.10 and, therefore, his challenge to the factual sufficiency of the plea allocution is not preserved for our review (*see People v Lopez*, 71 NY2d 662, 665; *People v McKeon*, 78 AD3d 1617, 1618, *lv denied* 16 NY3d 799). Further, this is not one of those "rare case[s]" in which, during the plea allocution, "defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*Lopez*, 71 NY2d at 666). In any event, we note that "no factual colloquy was required inasmuch as defendant pleaded guilty to a crime lesser than that charged in the indictment" (*People v Richards*, 93 AD3d 1240, 1240, *lv denied* 20 NY3d 1014; *see People v Neil*, 112 AD3d 1335, 1336, *lv denied* 23 NY3d 1040).

Finally, the sentence is not unduly harsh or severe.