# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1205**

**KA 15-00110**

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                       MEMORANDUM AND ORDER

GENE D. RIVERS, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (NICOLE L. KYLE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered September 26, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted aggravated criminal contempt, unlawfully fleeing a police officer in a motor vehicle in the third degree and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted aggravated criminal contempt (Penal Law §§ 110.00, 215.52 [1]), unlawful fleeing a police officer in a motor vehicle in the third degree (§ 270.25), and resisting arrest (§ 205.30). We note at the outset that, as conceded by the People, the uniform sentence and commitment form incorrectly reflects that a post-incarceration period of conditional discharge was imposed, and it therefore must be amended to correct that clerical error (*see generally People v Pitcher*, 126 AD3d 1471, 1473-1474, *lv denied* 25 NY3d 1169).

Defendant failed to preserve for our review his contentions that his conventional plea of guilty to a lesser charge under the first count of the indictment and his *Alford* pleas to crimes charged in the sixth and seventh counts of the indictment were not knowingly and voluntarily entered, inasmuch as defendant did not move to withdraw his guilty plea or to vacate the judgment of conviction (*see generally People v Conceicao*, 26 NY3d 375, 381; *People v Jones*, 114 AD3d 1239, 1242, *lv denied* 23 NY3d 1038, 25 NY3d 1166). This case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666; *Jones*, 114 AD3d at 1242).

In any event, defendant's challenges to County Court's acceptance

of his pleas are without merit.  With respect to defendant's conviction under the first count of the indictment, we conclude that the record affirmatively demonstrates that defendant understood the nature and consequences of his plea (*see Conceicao*, 26 NY3d at 382-384).  We further note that "no factual colloquy was required inasmuch as defendant pleaded guilty to a crime lesser than that charged" (*People v Richards*, 93 AD3d 1240, 1240, *lv denied* 20 NY3d 1014; *see People v Harris*, 125 AD3d 1506, 1507, *lv denied* 26 NY3d 929).

Similarly, "the record establishes that defendant's *Alford* plea was 'the product of a voluntary and rational choice, and the record before the court contains strong evidence of actual guilt' " (*People v Smith*, 26 AD3d 746, 747, *lv denied* 7 NY3d 763).  Beyond that, the record "shows that defendant was advised of his rights and that his *Alford* plea . . . was knowingly, intelligently and voluntarily entered with a full understanding of its consequences" (*People v Alfieri*, 201 AD2d 935, 935, *lv denied* 83 NY2d 908; *see People v Clacks*, 298 AD2d 846, 847, *lv denied* 99 NY2d 534).  We note that the court specifically advised defendant of the existence of a possible defense of intoxication and elicited defendant's knowing waiver of that defense (*see People v Petix*, 234 AD2d 994, 995, *lv denied* 89 NY2d 1098).

Entered:  December 23, 2016                          Frances E. Cafarell
                                                     Clerk of the Court