The People of the State of New York, Respondent, v Gary A. Tadd Jr., Appellant. [60 NYS3d 859]—

Aarons, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered November 13, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

While executing a search warrant at a residence located in Washington County, police officers recovered a quantity of heroin, cash and drug paraphernalia. Defendant was present at the residence during the search along with others. As a result, he was charged in an indictment with criminal possession of a controlled substance in the third degree and criminal use of drug paraphernalia in the second degree. In satisfaction of the indictment, defendant entered an *Alford* plea of guilty to the amended charge of criminal possession of a controlled substance in the fifth degree and waived his right to appeal. He was sentenced, in accordance with the terms of the plea agreement,

to 1½ years in prison followed by one year of postrelease supervision. He now appeals.

Initially, the People concede, and we agree, that defendant's waiver of appeal was invalid for failure to comply with the requirements of *People v Lopez* (6 NY3d 248, 256-257 [2006]) and, as such, he is not precluded from raising substantive challenges to the judgment of conviction (*see People v Roshia*, 133 AD3d 1029, 1030 [2015], *affd* 28 NY3d 989 [2016]). Defendant contends that his counsel was ineffective due to his failure to request a suppression hearing with respect to items confiscated during the search. He further claims that his *Alford* plea was invalid because it was involuntary and County Court accepted it without any strong evidence of defendant's guilt. Significantly, however, the record does not reveal that defendant made an appropriate postallocution motion. Consequently, these claims have not been preserved for our review (*see People v Dubois*, 150 AD3d 1562, 1563 [2017]; *People v Saylor*, 132 AD3d 1018, 1018 [2015]; *People v Mears*, 16 AD3d 917, 917-918 [2005]; *People v Ebert*, 15 AD3d 781, 782 [2005]). Furthermore, inasmuch as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt, the exception to the preservation rule is inapplicable (*see People v Dubois*, 150 AD3d at 1563; *People v Cooks*, 150 AD3d 1323, 1324 [2017]). Accordingly, the judgment must be affirmed.

Peters, P.J., Garry, Rose and Rumsey, JJ., concur. Ordered that the judgment is affirmed.