People v Steinmetz (2018 NY Slip Op 02089)





People v Steinmetz


2018 NY Slip Op 02089


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


372 KA 14-00395

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID J. STEINMETZ, JR., DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered October 30, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal mischief in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal mischief in the third degree (Penal Law § 145.05 [2]). We reject defendant's contention that his waiver of the right to appeal is invalid. Defendant signed a plea agreement that required him to waive his right to appeal, and County Court's "plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Kulyeshie, 71 AD3d 1478, 1478 [4th Dept 2010], lv denied 14 NY3d 889 [2010]; see People v Bryant, 28 NY3d 1094, 1095-1096 [2016]). Even assuming, arguendo, that defendant's challenges to his Alford plea survive his valid waiver of appeal, we conclude that those challenges are unpreserved for our review because defendant failed to raise them as part of a motion to withdraw his plea or to vacate the judgment of conviction (see People v Miller, 87 AD3d 1303, 1303-1304 [4th Dept 2011], lv denied 18 NY3d 926 [2012]; People v Sherman, 8 AD3d 1026, 1026 [4th Dept 2004], lv denied 3 NY3d 681 [2004]), and this case does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Rivers, 145 AD3d 1591, 1592 [4th Dept 2016], lv denied 29 NY3d 952 [2017]). Finally, to the extent that defendant's ineffective assistance of counsel contention survives his Alford plea and waiver of the right to appeal, we conclude that it is without merit inasmuch as the record before us establishes that defendant was afforded meaningful representation (see People v Blarr [appeal No. 1], 149 AD3d 1606, 1606 [4th Dept 2017], lv denied 29 NY3d 1123 [2017]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court