People v Tchiyuka (2018 NY Slip Op 03044)





People v Tchiyuka


2018 NY Slip Op 03044


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


594 KA 16-00747

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN TCHIYUKA, ALSO KNOWN AS "BREEZY", DEFENDANT-APPELLANT. 






HUG LAW, PLLC, ALBANY (MATTHEW C. HUG OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered April 10, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), defendant contends that his Alford plea should be vacated because the plea was not voluntarily, intelligently or knowingly entered, and the People did not explain the strengths of their case on the record. To the extent that defendant's contention involves the voluntariness of his plea, the contention survives his valid waiver of the right to appeal (see People v Miller, 87 AD3d 1303, 1303-1304 [4th Dept 2011], lv denied 18 NY3d 926 [2012]; People v Dash, 74 AD3d 1859, 1859-1860 [4th Dept 2010], lv denied 15 NY3d 892 [2010]).
We nevertheless conclude that defendant's contention is not preserved for our review inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction (see Miller, 87 AD3d at 1303-1304; People v Hodge, 23 AD3d 1062, 1063 [4th Dept 2005]), and the plea allocution does not engender significant doubt regarding defendant's guilt or otherwise call into question the voluntariness of the plea to bring this case within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Townley, 286 AD2d 885, 885 [4th Dept 2001]).
In any event, defendant's challenge to the plea lacks merit. "Despite his denials of guilt, defendant stated clearly on the record that he wanted to enter a guilty plea to avoid the possibility of a more severe sentence in the event that the case proceeded to trial. Defendant's statements demonstrate that his decision to enter a guilty plea despite his purported innocence was the product of a voluntary and rational choice,' and thus the Alford plea was proper" (Miller, 87 AD3d at 1304; see Hodge, 23 AD3d at 1063). Moreover, contrary to defendant's contention, County Court ensured that there was strong evidence of his guilt of the offense to which he pleaded guilty (see People v Hinkle, 56 AD3d 1210, 1210 [4th Dept 2008]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court