People v Crandall (2020 NY Slip Op 01857)





People v Crandall


2020 NY Slip Op 01857


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

108511

[*1]The People of the State of New York, Respondent,
v
George S. Crandall III, Appellant.

Calendar Date: February 19, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Kathy Manley, Selkirk, for appellant.
New York State Prosecutors Training Institute, Inc., Albany (Lauren D. Konsul of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Hamilton County (Feldstein, J.), rendered May 3, 2016, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
In April 2015, defendant was indicted and charged with the crime of driving while intoxicated as a felony and the traffic offense of driving to the left of no passing markers. The charges stemmed from an incident wherein a sergeant with the Hamilton County Sheriff's Department came upon the scene of a single-vehicle accident and encountered defendant standing alone by the side of the road. Defendant emitted a strong odor of alcohol, and the sergeant observed that defendant was unsteady on his feet and had bloodshot eyes, impaired motor coordination and slurred speech. When asked how much he had to drink that evening, defendant clutched his chest, professed to be experiencing chest pains and was transported to a local hospital. As a result, no field sobriety tests were performed; defendant refused to submit to chemical testing at the hospital, and he deferred a request by medical personnel for a blood draw. In conjunction with that indictment, County Court conducted a probable cause hearing and found that there was probable cause for defendant's arrest.
Thereafter, in September 2015, defendant was charged in a superseding indictment with one count of driving while intoxicated and one count of driving while ability impaired by a combination of drugs and/or alcohol (both as felonies). Defendant ultimately elected to enter an Alford plea to the charge of driving while intoxicated with the understanding that he would receive a sentence of time served with no period of probation. County Court imposed the promised sentence, and this appeal ensued.
Preliminarily, we agree with defendant that the waiver of the right to appeal was invalid. During the brief colloquy with defendant, County Court did not sufficiently distinguish the waiver of the right to appeal from the trial-related rights that defendant was forfeiting by virtue of his guilty plea, and the record does not reflect that defendant executed a written waiver. Additionally, in response to County Court's inquiry regarding defendant's willingness to waive his right to appeal, defendant replied, "Yes, if that's what I gotta do, yes. If that's what you're making me do, I'll do it." Under these circumstances, we are unable to conclude that defendant knowingly, intelligently and voluntarily waived his right to appeal. Accordingly, defendant is not precluded from arguing that the authorities lacked probable cause to arrest him (see People v Herbert, 147 AD3d 1208, 1209 [2017]). However, we find defendant's argument on this point to be lacking in merit.
"Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (People v Warren, 160 AD3d 1132, 1133 [2018] [internal quotation marks and citations omitted], lv denied 31 NY3d 1154 [2018]). The sergeant's testimony regarding his observations at the accident scene and his direct interaction with defendant, including his statement that defendant, who admittedly was driving the vehicle involved in the accident, smelled strongly of alcohol, was unsteady on his feet, exhibited impaired motor skills and was slurring his words, was sufficient to support a reasonable belief that defendant was driving while intoxicated (compare People v Hoffman, 135 AD2d 299, 302 [1988]). Contrary to defendant's assertion, "the fact that [he] did not submit to field sobriety testing at the scene is not fatal to a finding of probable cause to arrest [him] for driving while intoxicated" (People v Warren, 160 AD3d at 1134).
Defendant's challenge to the voluntariness of his Alford plea is unpreserved for our review absent evidence of an appropriate postallocution motion, as is his claim that the record does not contain the requisite strong evidence to support his guilty plea (see People v Tadd, 154 AD3d 1014, 1015 [2017], lv denied 30 NY3d 1109 [2018]; People v Hinkle, 56 AD3d 1210, 1210 [2008]; People v Morelli, 46 AD3d 1215, 1216 [2007], lv denied 10 NY3d 814 [2008]; People v Lopez, 33 AD3d 1062, 1062 [2006], lv denied 8 NY3d 847 [2007]), and we are not persuaded that his statements during the plea colloquy triggered the narrow exception to the preservation requirement (see People v Alsaifullah, 162 AD3d 1483, 1485 [2018], lv denied 32 NY3d 1062 [2018]; People v Tchiyuka, 160 AD3d 1488, 1488-1489 [2018]). Notably, in the context of an Alford plea, "defendant was not required to . . . admit his participation in the acts constituting the crime" to which he pleaded guilty (People v Green, 249 AD2d 691, 693 [1998]; see People v Tausinger, 21 AD3d 1181, 1182 [2005]). In any event, we discern no basis upon which to invalidate defendant's plea.
Although the "better practice" would have been for the prosecutor to place upon the record the evidence of defendant's guilt, County Court — having conducted the probable cause hearing — was well aware of the evidence against defendant, and "we are satisfied that there was strong, competent evidence of defendant's guilt" (People v Lopez, 33 AD3d at 1062; see People v Washington, 51 AD3d 1223, 1224 [2008]). "Despite his denials of guilt, defendant stated clearly on the record that he wanted to enter a guilty plea to avoid the possibility of a more severe sentence in the event that the case proceeded to trial. Defendant's statements demonstrate that his decision to enter a guilty plea despite his purported innocence was the product of a voluntary and rational choice, and thus the Alford plea was proper" (People v Tchiyuka, 160 AD3d at 1489 [internal quotation marks and citations omitted]; see People v Rivers, 145 AD3d 1591, 1592 [2016], lv denied 29 NY3d 952 [2017]; People v Hinkle, 56 AD3d at 1210). Defendant's remaining contentions have been examined and found to be lacking in merit.
Clark, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.