People v Kelley
2026 NY Slip Op 03904
June 18, 2026
Court of Appeals
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People & c., Respondent,
v
Anton Kelley, Appellant.

Decided on June 18, 2026
No. 60

Casey Duffy, for appellant.
David D. Bassett, for respondent.

[*1]
MEMORANDUM:
The order of the Appellate Division should be reversed and the case remitted to that Court for further proceedings in accordance with this memorandum.
Before the Appellate Division, defendant argued that the trial court erred by failing to make an appropriate inquiry into his requests for new counsel as required by People v Sides (75 NY2d 822 [1990]). The Appellate Division held that defendant's valid appeal waiver barred review of his Sides claim "except to the extent that the contention implicates the voluntariness of the plea" (239 AD3d 1269, 1269 [4th Dept 2025] [internal quotation marks omitted]). On appeal before us, defendant does not challenge that holding.
The Appellate Division further held that, "[t]o the extent that defendant's contention implicates the voluntariness of the plea, we conclude that defendant abandoned his requests when he decided to plead guilty while still being represented by the same attorneys" (id.). Because defendant did not abandon his voluntariness claim, on remittal, the Appellate Division should resolve it on the merits. Defendant's dissatisfaction with counsel and Supreme Court's handling of his requests for new counsel are relevant on remittal only, as the Appellate Division held, to the extent they affect the voluntariness of defendant's plea.
The Fourth Department's holding, the most recent in a line of cases to the same effect, is wrong for several reasons. First, as the Appellate Division acknowledged, a claim challenging the voluntariness of a plea survives [*2]even a valid appeal waiver (People v Thomas, 34 NY3d 545, 558 [2019]). A challenge to voluntariness cannot be extinguished because the same counsel about whom a defendant has complained, unsuccessfully, continued to represent the defendant at plea and sentencing. Second, in any event, these circumstances do not constitute waiver of defendant's voluntariness claim FN1. Waiver "occurs when a defendant intentionally and voluntarily relinquishes or abandons a known right that would otherwise survive a guilty plea" (People v Lopez, 6 NY3d 248, 256—57 [2006]). Here, the fact that defendant pleaded guilty while represented by the same attorneys does not evince an intentional choice to abandon review of the voluntariness of his plea. Defendant contends that his guilty plea was an effort to mitigate the harm resulting from the court's denial of his request for new counsel, not an abandonment of his request. To the extent that the Appellate Division relied on the fact that, during the plea colloquy, defendant did not renew his complaints about counsel, his silence does not indicate waiver. Finally, the Fourth Department's line of cases adopting this erroneous rule originates in People v Hobart (286 AD2d 916 [4th Dept 2001]), which cited no case law or authority for its rule, nor does it explain the rule's origins. The other Departments have not adopted that rule.
Defendant's remaining arguments are without merit.
Order reversed and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the memorandum herein. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided June 18, 2026

Footnotes

Footnote 1
To the extent that the Fourth Department's analysis refers to this as an "abandonment," there is no legal basis for distinguishing between waiver and abandonment under the circumstances presented here.