■ JAMAICA SAVINGS BANK FSB, Respondent, v ASCOT OWN-ERS, INC., Appellant, et al., Defendants. [665 NYS2d 858] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered May 21, 1997, which denied the motion of defendant mortgagor, a residential cooperative, to declare that plaintiff mortgagee is not entitled to interest at the contractual default rate of 2% per month, and which granted plaintiff's cross motion to quash subpoenas served by defendant seeking information with respect to the negotiation of the mortgage and default interest clause, unanimously affirmed, without costs.

It is well settled that an agreement to pay interest at a higher rate in the event of default or maturity is an agreement to pay interest and not a penalty (*Union Estates Co. v Adlon Constr. Co.*, 221 NY 183, 187; *Ruskin v Griffiths*, 269 F2d 827, 832, *cert denied* 361 US 947). Exactly what defendant hopes to uncover through further disclosure that would justify avoidance of this proposition is not clear. The prior appeal determined that plaintiff was not a co-sponsor of the conversion and owed defendant no fiduciary duties (241 AD2d 351). It does not avail defendant to argue that it lacked bargaining power with respect to the negotiation of the default interest clause or that enforcement of that clause will effectively deprive it of the right of redemption (*see, Graf v Hope Bldg. Corp.*, 254 NY 1). Concur—Murphy, P. J., Sullivan, Tom, Mazzarelli and Colabella, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALDO PEREZ, Appellant. [665 NYS2d 865] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered March 28, 1995, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

Defendant's plea allocution demonstrates a voluntary and intelligent waiver of his right to appeal from all rulings made by the trial court in connection with his case, including the sentence, which defendant now challenges solely on the ground of excessiveness (*see, People v Allen*, 82 NY2d 761). Taken in context, the court's remarks concerning defendant's waiver of his right to appeal cannot be viewed as a limitation on the scope of defendant's waiver, but rather as an indication that the waiver was intended to be all encompassing (*supra*).

In any event, we perceive no abuse of sentencing discretion. Concur—Murphy, P. J., Sullivan, Tom, Mazzarelli and Colabella, JJ.