■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM VEGA, Also Known as JOSE GARCIA, Appellant. [683 NYS2d 423] —Judgment, Supreme Court, Bronx County (Steven Lloyd Barrett, J.), entered May 19, 1997, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The record of defendant's plea allocution establishes that he voluntarily and intelligently waived his right to appeal (see, People v Perez, 245 AD2d 20, lv denied 91 NY2d 896; People v Aponte, 212 AD2d 157). This waiver forecloses review of his claims that his sentence was excessive (People v Hidalgo, 91 NY2d 733; People v Seaberg, 74 NY2d 1, 9-10) or procedurally defective (People v Callahan, 80 NY2d 273, 281). Concur—Ellerin, J. P., Nardelli, Rubin and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MILES, Appellant. [683 NYS2d 423] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered May 16, 1996, convicting defendant, upon his plea of guilty, of robbery in the first degree and assault in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 8 to 16 years and 4 to 8 years, respectively, unanimously affirmed.

Defendant knowingly and voluntarily pleaded guilty. There is no support whatever in the record for his claim that the court coerced the plea. Defendant received effective assistance of counsel (People v Ford, 86 NY2d 397, 404), and did not establish good cause for a substitution of counsel (People v Sides, 75 NY2d 822). Were we to treat defendant's statements at sentencing as an application to withdraw his plea, we would find that such application was properly denied after sufficient inquiry.

We perceive no abuse of sentencing discretion. Concur—Ellerin, J. P., Nardelli, Rubin and Saxe, JJ.