■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE E. BILLER, Appellant. [705 NYS2d 921] —Judgment unanimously affirmed. Memorandum: We reject the contention that defendant was denied effective assistance of counsel on his *pro se* motion for substitution of counsel. Defense counsel neither took a position adverse to defendant nor became a witness against him (*cf.*, *People v Burton*, 251 AD2d 1020; *People v Chrysler*, 233 AD2d 928). Rather, defense counsel remained silent during County Court's colloquy with defendant. Thus, defense counsel could not have had any effect upon the court's determination of the application (*see*, *e.g.*, *People v Cooper*, 258 AD2d 891, *lv denied* 93 NY2d 968).

To the extent that the inquiry of defendant concerning "taking his plea back" may be construed as a motion to withdraw his plea, we conclude that it was "properly denied after sufficient inquiry" (*People v Miles*, 256 AD2d 157). Defendant provided no factual support for his claim of coercion and, after a colloquy with defendant, the court determined that defendant was merely dissatisfied with the potential sentence. That determination is supported by the record.

In light of defendant's history of violating orders of protection and assaulting the people for whose protection the orders had been issued, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, Drury, J.—Criminal Contempt, 1st Degree.) Present—Green, J. P., Pine, Scudder and Lawton, JJ.