■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY A. MOORE, Appellant. [834 NYS2d 606]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered March 19, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law former § 265.03 [2]), defendant challenges the factual sufficiency of the plea allocution based on his failure to admit that he intended to use the weapon unlawfully against another person. Defendant failed to move to withdraw his plea on that ground and thus failed to preserve his challenge for our review (*see People v Escalante*, 16 AD3d 984, 984-985 [2005], *lv denied* 5 NY3d 788 [2005]). This case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]). " '[N]othing that defendant said or failed to say in [his] allocution negated any element of the offense to which [he] pleaded . . . or otherwise called into question [his] admitted guilt or the voluntariness of his plea' " (*People v Clark*, 26 AD3d 743, 744 [2006], *lv denied* 7 NY3d 754 [2006], quoting *People v Seeber*, 4 NY3d 780, 781 [2005]). Defendant further contends that County Court failed to conduct a sufficient inquiry into the basis for his complaints against defense counsel. Defendant did not request new counsel, but instead sought to withdraw his plea on the ground that defense counsel was ineffective and had coerced him into ac-

cepting the plea. We conclude that the court conducted a sufficient inquiry before denying defendant's request to withdraw the plea (*see People v Biller*, 270 AD2d 883 [2000]; *see generally People v Tinsley*, 35 NY2d 926, 927 [1974]; *People v Farley*, 34 AD3d 1229 [2006]). Finally, the challenge by defendant to the severity of the sentence is encompassed by his waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Gorski, J.P., Martoche, Centra, Lunn and Green, JJ.