■ The People of the State of New York, Respondent, v Ronald Taylor, Appellant. [872 NYS2d 332]—

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered September 6, 2007. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his

motion to withdraw his plea. " '[R]efusal to permit withdrawal does not constitute an abuse of . . . discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea' . . . [and, h]ere, defendant failed to present evidence to warrant withdrawal of the plea" (*People v Pillich*, 48 AD3d 1061 [2008], *lv denied* 11 NY3d 793 [2008]). Defendant acknowledged during the plea allocution that his sentence was to run consecutively to any sentence he received on charges pending against him in other jurisdictions. After defendant entered his plea, the People moved to adjourn sentencing until defendant was sentenced on charges pending in another county. Defendant, however, then moved to withdraw his plea on the ground that he had entered a guilty plea because there were no other convictions at that time and thus "nothing to [which the sentence could] be consecutive." By denying the motion and adjourning sentencing for a reasonable amount of time (*see generally People v Drake*, 61 NY2d 359, 364-366 [1984]), we conclude that the court properly recognized that, "[h]aving obtained the benefit of [the plea] bargain, defendant should be bound by its terms" (*People v Zelke*, 203 AD2d 909 [1994], *lv denied* 83 NY2d 973 [1994]). Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.