People v Williams (2018 NY Slip Op 01706)





People v Williams


2018 NY Slip Op 01706


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, CARNI, DEJOSEPH, AND WINSLOW, JJ.


32 KA 14-02203

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TALYN D. WILLIAMS, DEFENDANT-APPELLANT. 






BETH A. RATCHFORD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 6, 2014. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law
§ 160.10 [1]). Initially, we note that, even assuming, arguendo, that defendant's waiver of the right to appeal is invalid, as defendant contends, his further contention that he was denied effective assistance of counsel "does not survive his plea . . . inasmuch as defendant failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance" (People v Lucieer, 107 AD3d 1611, 1612 [4th Dept 2013] [internal quotation marks omitted]). Although defendant's further contention that his plea was not otherwise voluntary survives a valid waiver of the right to appeal (see People v Guantero, 100 AD3d 1386, 1387 [4th Dept 2012], lv denied 21 NY3d 1004 [2013]), we reject defendant's contention that Supreme Court erred in denying his pro se motion to withdraw his plea on that ground without conducting a hearing. The record establishes that the court "conducted a sufficient inquiry before denying defendant's [motion] to withdraw his plea" (People v Moore, 39 AD3d 1199, 1200 [4th Dept 2007], lv denied 9 NY3d 867 [2007]), and there is no evidence of innocence, fraud or mistake in inducing the plea (see People v Taylor, 59 AD3d 973, 973-974 [4th Dept 2009], lv denied 12 NY3d 921 [2009]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court